12-2155-cv
*Dao v. Oppenheimer Funds, Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand thirteen.

PRESENT: JOHN M. WALKER, JR.,
RICHARD C. WESLEY,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

PETER DAO,

*Plaintiff-Appellant*,

v.                                                          12-2155

OPPENHEIMER FUNDS, INC.,

*Defendant-Appellee*.

_____

FOR APPELLANT:        KEVIN MINTZER, Law Office of Kevin
                      Mintzer, P.C., New York, NY.

FOR APPELLEE:         BARRY ASEN, Epstein Becker & Green, P.C.,
                      New York, NY (Melissa Mazer,
                      OppenheimerFunds, Inc., General Counsel's
                      Office, New York, NY, *on the brief*).

Appeal from the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York is **AFFIRMED**.

Plaintiff-Appellant Peter Dao ("Dao") appeals from a May 2, 2012 Memorandum and Order from the United States District Court for the Southern District of New York (Forrest, *J.*) granting summary judgment to Defendant-Appellee Oppenheimer Funds, Inc. ("Oppenheimer"). Dao argues that issues of fact exist regarding his discrimination and retaliation claims brought pursuant to 42 U.S.C. § 1981 and the New York City Human Rights Law ("NYCHRL"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a district court's grant of summary judgment *de novo*. *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 168 (2d Cir. 2006). Dao's Section 1981 claims are analyzed under the burden-shifting framework laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Holcomb v. Iona Coll.*, 521 F.3d 130, 138 (2d Cir. 2008) (discrimination claims); *Fincher v. Depository Trust and Clearing Corp.*, 604

F.3d 712, 720 (2d Cir. 2010) (retaliation claims). Discrimination claims brought under the NYCHRL are also analyzed using the *McDonnell Douglas* framework, but the NYCHRL is to be construed "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible."[1] *Melman v. Montefiore Med. Ctr.*, 98 A.D.3d 107, 112 (1st Dep't 2012) (quoting *Albunio v. City of New York*, 947 N.E.2d 135, 137 (2011)). For either a discrimination or retaliation claim to survive summary judgment, a plaintiff must state the relevant prima facie claim and then offer evidence from which a reasonable juror could conclude that the defendant's legitimate business reasons for its actions were pretext for illegal motivations. *Holcomb*, 521 F.3d at 138; *Fincher*, 604 F.3d at 720.

For reasons given in its opinion, we agree with the district court that Dao failed to make out a prima facie case of either discrimination or retaliation under Section 1981 or the NYCHRL. Additionally, the record does not

---

[1] We note that the First Department in *Melman* also considered the plaintiff's claim under the "mixed-motive" framework discussed in *Bennett v. Health Management Systems, Inc.*, 92 A.D.3d 29, 45 (2011). *Melman*, 98 A.D.3d at 112-13. As in *Melman*, however, we are convinced that the defendant here is entitled to summary judgment under either approach. *Id.* at 113.

support Dao's argument that Oppenheimer's legitimate business reasons for its adverse employment action(s) against Dao were pretext for unlawful discrimination or were taken in retaliation for protected activity.

Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4